**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**IN ADMIRALTY**

GREAT LAKES INSURANCE SE,

     Plaintiff,

                                Case No.

vs.

CHARTERED YACHTS MIAMI LLC,
and IPFS CORP.,

     Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE, by and through its undersigned counsel, pursuant to 28 U.S.C. 2201, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule A(4) of the Admiralty and Maritime Rules of the United States District Court for the Southern District of Florida, and for its Complaint for Declaratory Judgment would respectfully state as follows:

### PARTIES, JURISDICTION, and VENUE

1.     This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2.     Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assured named therein, the Defendant CHARTERED YACHTS MIAMI LLC LLC, alleged to be located at 888 MacArthur Causeway, Miami, Florida 33132.

1

3.      This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has subject-matter jurisdiction pursuant to Title 28 of the United States Code, sec.1333.

4.      Plaintiff, GREAT LAKES INSURANCE SE, (hereinafter "GLI") is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in Munich, in the Federal Republic of Germany.

5.      Upon information and belief, the Defendant CHARTERED YACHTS MIAMI LLC (hereinafter "CHARTERED YACHTS") is a limited liability company incorporated in the State of Florida and with its office and principal place of business in the State of Florida.

6.      Upon information and belief, the Defendant IPFS CORP. is a loss payee under Plaintiff's policy of marine insurance and is located at 900 Ashwood Parkway, Atlanta, Georgia 30338.

<u>FACTUAL ALLEGATIONS</u>

7.      On or about March 6, 2019, Defendant Chartered Yachts submitted to Plaintiff GLI, via Defendant's agent, an application for a policy of marine insurance. Such a submission was a routine aspect of the Plaintiffs procedure for considering whether to agree to provide insurance coverage.

8.      A true and correct copy of the said application form completed and signed by Greg Pack, and submitted to Plaintiff on or about March 6, 2019 by and on behalf of the Defendant by its agent is attached hereto as Exhibit "A."

9.      The application requested Seven Hundred Twenty-Five Thousand Dollars ($725,000.00) in Hull & Machinery coverage for a 1998 88 ft Leopard vessel named "PETRUS" alleged to be owned by the Defendant.

2

10.     Plaintiff agreed to issue its Policy No. CSRYP/174352 affording Seven Hundred Twenty-Five Thousand Dollars ($725,000.00) in Hull & Machinery coverage for Defendant's vessel against the risks detailed therein, based upon the representations set forth in, and the material information disclosed in, the application. A true and correct copy of the Policy Schedule for Plaintiff's Policy No. CSRYP/ is attached hereto as Exhibit "B."

11.     On or about March 5, 2020, Defendant Chartered Yachts submitted to Plaintiff GLI, Via Defendant's agent, a Renewal Questionnaire seeking a policy of marine insurance, Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to renew the previous year's coverage and to issue a new policy of marine insurance to provide insurance coverage on the referenced vessel.

12.     A true and correct copy of the said Renewal Questionnaire form completed and signed by Greg Pack, and submitted to Plaintiff on or about March 6, 2020 by and on behalf of the Defendant by its agent is attached hereto as Exhibit "C."

13.     The Renewal Questionnaire requested Seven Hundred Twenty-Five Thousand Dollars ($725,000.00) in Hull & Machinery coverage for the same 1998 88 ft Leopard vessel name "PETRUS" alleged to be owned by the Defendant.

14.     In addition to submission of the Renewal Questionnaire, Defendant also submitted two (2) Letters of Survey Recommendations Compliance representing that the outstanding recommendations which had been specified in a survey of the vessel that was submitted in support of the application for renewal of the coverage had in fact been completed.  True and correct copies of the Letters of Survey Recommendations Compliance are attached hereto as Exhibit "D."

15.     Plaintiff agreed to issue its Policy No. CSRYP/181202 affording Seven Hundred Twenty-Five Thousand Dollars ($725,000.00) in Hull & Machinery for Defendant's vessel against

the risks detailed therein, based upon the representations set forth in, and the material information disclosed in, the application form Exhibit "A," in the Renewal Questionnaire form Exhibit "C," and in the Letters of Survey Recommendations Compliance Exhibit "D.".

16.     A true and correct copy of the Policy Schedule and policy language for Plaintiff's Policy No. CSRYP/181202/ is attached hereto as Exhibit "E."

17.     Defendant IPFS is named as a simple loss payee in Plaintiff's Policy No. CSRYP/181202.

18.     On or about November 7, 2020, during the period of coverage afforded under Policy CSRYP/181202, Defendant's vessel is alleged to have sustained damage when seawater entered the vessel via the stern.

19.     Defendant's broker, acting as agent for Defendant Chartered Yacht reported the loss to GLI on or about November 11, 2020.

20.     Upon receipt of the first notice of the November 7, 2020 incident described herein, Plaintiff GLI caused an investigation to be made into the facts and circumstances surrounding the said incident.

21.     The said investigation established that the damage sustained by the Defendant's vessel as referenced herein was not caused by anything of a fortuitous nature and was not an event for which Plaintiff's policy of marine insurance would afford any coverage.

22.     The said investigation established that the Defendant's vessel was in unseaworthy condition prior to and at the time of the incident of November 7, 2020, and that the damage sustained by the Defendant's vessel was caused directly or indirectly by the unseaworthy condition.

4

23.     The said investigation established that the damage suffered by the vessel's engines, mechanical components, and electrical components was not caused by an accidental external event and was not an event for which Plaintiff's policy of marine insurance would afford any coverage.

24.     The said investigation established that the damage sustained by the insured vessel was caused by wear and tear, gradual deterioration, lack of maintenance, etc.

25.     The said investigation established that Defendant had misrepresented facts material to the Plaintiff's willingness to renew the coverage under the policy of marine insurance.

26.     The said investigation established that Defendant had breached an express warranty contained in the policy regarding completion of all recommendations in the survey that was submitted at the time of renewal of the coverage.

27.     Notwithstanding the facts established by Plaintiffs said investigation, Defendant has made a claim against the Plaintiff under the terms of Policy No. CSRYP/181202 demanding payment for the damage suffered by the vessel.

FIRST CAUSE OF ACTION
Lack of Fortuity

28.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 27 as if set forth fully herein.

29.     Plaintiff's Policy No. CSRYP/181202 states, in pertinent part:

a.     <u>INSURING AGREEMENT</u>

This is a legally binding insurance contract between you and us, incorporating in full the application signed by you. We will provide the insurance coverage described in this insuring agreement, in return for payment to us of the premium due and compliance by covered persons with the provisions, conditions and warranties of this insuring agreement.

b.    Coverage A, Hull, Machinery, Equipment and Dinghy

If a sum insured is shown for Section "A" of the insuring agreement declarations page, we provide coverage for accidental physical loss of, or damage to 'the Scheduled Vessel which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provisions, conditions, warranties, deductibles and exclusions.

30.    The incident in which the Defendant's vessel sustained damage on November 7, 2020 does not constitute an accidental physical loss for which coverage would be afforded under the express terms and provisions of Plaintiff's policy of marine insurance.

31.    Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

32.    As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/181202.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

33.    As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

## SECOND CAUSE OF ACTION
### (Unseaworthiness)

34.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7

through 27 as if set forth fully herein.

35.     Plaintiff's policy states, in pertinent part:

> 9.  General Conditions & Warranties
>
> ******
>
> b)     It is warranted that the scheduled vessel is seaworthy at all times during the duration of this insuring agreement. Breach of this warranty will void this insuring agreement from its inception.

36.     The post-incident investigation carried out by the Plaintiff established that the

vessel allegedly owned by the Defendant was in unseaworthy condition both prior to and also as

of the date and time of the November 7, 2020 incident described herein.

37.     The Defendant named herein was therefore in breach of the said express warranty

set forth in Plaintiff's policy of marine insurance and therefore was in breach of the duties imposed

upon the Defendant by the express terms of the Plaintiff's policy.

38.     Defendant's breach of the express warranty set forth in the Plaintiff's policy of

marine insurance renders the said policy void *ab initio* and/or entitles the Plaintiff to declare the

said policy void.

39.     Defendant's breach of the warranty set forth in the Plaintiff's policy of marine

insurance permits the Plaintiff to avoid liability for the costs of repairing or replacing the vessel as

a result of the incident of November 7, 2020.

40.     Notwithstanding the said breach of an express warranty and the lack of any coverage under Plaintiff's policy of marine insurance, Defendant named herein has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel or to the full amount necessary to effect repairs to, or in the alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

41.     As a result of the Defendant's breach of an express warranty and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/181202. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

42.     As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

<u>THIRD CAUSE OF ACTION</u>
<u>(Exclusion for Wear and Tear, etc.</u>

43.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 27 as if set forth fully herein.

44.     Plaintiff's Policy No. CSRYP/181202 states, in pertinent part:

<u>Exclusions to Coverage A</u>

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:

******

b)  Losses due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mold, animal and marine life.

45.     The incident in which the Defendant's vessel sustained damage on November 7, 2020 was due to wear and tear, gradual deterioration, lack of maintenance, etc., for which coverage is excluded under the express terms and provisions of Plaintiff's policy of marine insurance.

46.     Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance

47.     As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/181202. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

48.     As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

FOURTH CAUSE OF ACTION
(Exclusion for Damage to Engines, Etc.)

49.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7
through 27 as if set forth fully herein.

50.     Plaintiffs Policy No. CSRYP/181202 states, in pertinent part:

Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium
charged the following losses and/or damages (whether incurred
directly or indirectly) are not covered by this insuring agreement:

****** 

r)   Damage to the Scheduled Vessel's engines, mechanical and
electrical parts, unless caused by an accidental external event
such as a collision, impact with a fixed or floating object,
grounding, stranding, ingestion of a foreign object, lightning
strike or fire.

51.     The incident in which the Defendant's vessel and its engines, mechanical and
electrical parts in particular sustained damage on November 7, 2020 was not caused by and
accidental external event, and coverage is therefore excluded under the express terms and
provisions of Plaintiff's policy of marine insurance.

52.     Notwithstanding the lack of any coverage under Plaintiff's policy of marine
insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full
insured value of the vessel insured under the said terms of the said policy of marine insurance.

53.     As a result of the aforesaid lack of coverage under the terms of the terms of the
policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory
Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/181202. Until
such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance

policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

54.     As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

FIFTH CAUSE OF ACTION
Misrepresentation of Material Facts

55.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 27 as if set forth fully herein.

56.     Plaintiff's Policy No. CSRYP/181202 states, in pertinent part:

9.  General Conditions & Warranties

******

m)     This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstance material to our acceptance or continuance of this insurance.

57.     The Defendants breached the provisions of Plaintiff's policy of marine insurance set forth above by misrepresenting or failing to disclose facts which were material to Plaintiff's decision to accept and/or to continue the risk of insuring the vessel.

58.     The Defendants misrepresented material facts regarding attending to every one of the Outstanding Recommendations set forth in the survey referenced herein and submitted the Letters of Survey Recommendations Compliance dated April 15, 2020 misrepresenting its full compliance.

11

59.     Had the Defendant disclosed the material facts referenced herein, the Plaintiff would not have agreed to insure the vessel and/or would have not have agreed to issue Policy No. CSRYP/181202 or would have charged a higher premium for the said policy.

60.     The Defendant's misrepresentation and/or failure to disclose material facts constitutes a breach of the duties imposed upon the Defendant by the express terms of the policy and under the applicable principles of federal admiralty law.

61.     Defendant's breach of the policy renders the said policy void ab initio and/or entitles the Plaintiff to declare the said policy void.

62.     Notwithstanding the said breach of the policy and the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full amount of the insured value of the vessel under the said policy of marine insurance.

63.     As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/181202.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

64.     As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

SIXTH CAUSE OF ACTION
Breach of Warranty

65.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7

through 27 as if set forth fully herein.

66.     Plaintiff's policy states, in pertinent part:

9.  General Conditions & Warranties

******

r)     Unless we agree in writing to the contrary, if we request a
survey of the Scheduled Vessel then it is warranted that such
survey is in existence prior to the effective date of this
insurance and a copy of the same must be received by is
within 30 days of the effective date of this agreement.  If the
survey makes any recommendations with respect to the
Scheduled Vessel, then it is warranted that all such
recommendations are completed prior to any loss giving rise
to any claim hereunder, by skilled workmen using fit and
proper materials…

67.     The post-incident investigation carried out by the Plaintiff established that as of the

November 7, 2020 date of the incident which is the subject of this Complaint, the Defendant had

failed to attend to every one of the outstanding recommendations set forth in the survey referenced

herein as warranted in the Letters of Survey Recommendations Compliance dated April 15, 2020.

68.     The Defendant named herein was therefore in breach of the said express warranty

set forth in Plaintiff's policy of marine insurance and therefore was in breach of the duties imposed

upon the Defendant by the express terms of the Plaintiff's policy.

69.     Defendant's breach of the express warranty set forth in the Plaintiff's policy of

marine insurance renders the said policy void *ab initio* and/or entitles the Plaintiff to declare the

said policy void.

70.     Notwithstanding the said breach of an express warranty and the lack of any coverage under Plaintiff's policy of marine insurance, Defendant named herein has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel or to the full amount necessary to effect repairs to, or in the alternative, to replace, the vessel insured under the terms of the said policy of marine insurance.

71.     As a result of the Defendant's breach of an express warranty and the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/181202.  Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

72.     As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

SEVENTH CAUSE OF ACTION
Defendant IPFS Corp. is a Simple Loss Payee

73.     Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 27 as if set forth fully herein.

74.     The Defendant "IPFS Corp." is named in Plaintiff's policy of marine insurance No. CSRYP/181202 as a simple loss payee.

14

75.    The Defendant "CHARTERED YACHTS" never at any time sought or requested any additional or further insurance coverage of the type that might have provided additional coverage for any party named in Plaintiff's policy of marine insurance as a simple loss payee.

76.    Accordingly, as stated, the Defendant "IPFS CORP." is named in Plaintiff's policy of marine insurance as a simple loss payee and the said Defendant is entitled to no additional or further coverage over or beyond that which is provided to or available to the Defendant "CHARTERED YACHTS."

77.    Notwithstanding the fact that Plaintiff's policy of marine insurance clearly and unambiguously provides no additional or further coverage for "IPFS CORP" other than as a simple loss payee, the Plaintiff reasonably and in good faith believes that the said Defendant will make demand upon Plaintiff for payment of the full agreed value of the vessel as set forth in the policy.

78.    As a result of Plaintiff's aforesaid good faith belief and the lack of any additional or further coverage under the terms of Plaintiff's policy of marine insurance attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding coverage afforded under the terms of Policy No. CSRYP/181202. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policies construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

79.    As a result of the Defendants' demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE,  Plaintiff demands judgment from the Court:

A).      Declaring that the relationship of insurer and insured does not exist between Plaintiff and the Defendants named herein as regards the incident of November 7, 2020 in which the insured vessel sustained damage;

B).      Declaring that Plaintiff's Policy No. CSRYP/181202 does not afford coverage to the Defendant named herein for the incident of November 7, 2020 in which the insured vessel sustained damage;

C).      Declaring that neither the incident of nor the damage resulting from the incident of November 7, 2020 constitute an accidental physical loss;

D).      Declaring that coverage for the incident of November 7, 2020 is excluded under the terms of clear and unambiguous exclusions set forth in Plaintiff's policy;

E).      Declaring that the breach of the policy's warranty of seaworthiness by the Defendant as described herein voids the Plaintiff's Policy No. CSRYP/181202 *ab initio* and relieves the Plaintiff from any and all liability to the said Defendants under the terms of the Hull & Machinery coverage afforded under the said policy of marine insurance;

F).      Declaring that any and all damage sustained by the vessel's engines, mechanical and electrical parts as a result of the incident of January 1, 2018 is excluded per the clear and unambiguous terms of the policy;

G).      Declaring that Defendant's misrepresentation of material facts as described herein voids the Plaintiff's Policy No. CSRYP/181202 *ab initio* and relieves Plaintiff from any and all liability to the said Defendant under the terms of the policy of marine insurance;

16

H).     Declaring that the breach of the policy's express warranty regarding compliance with survey recommendations as described herein voids the Plaintiff's Policy No. CSRYP/181202 *ab initio* and relieves the Plaintiff from any and all liability to the said Defendant under the terms of the policy of marine insurance;

I).     Declaring that the Defendant "IPFS CORP" is a simple loss payee under the terms of Plaintiff's policy of marine insurance;

J).     Any and all such other and further relief as the Court may deem proper and appropriate in the premises.


Dated: December 10, 2020
         Fort Lauderdale, Florida


                                        GOLDMAN & HELLMAN
                                        Attorneys for Plaintiff
                                        8751 W. Broward Boulevard
                                        Suite 404
                                        Fort Lauderdale, Florida 33324
                                        Tel (954) 356-0460
                                        Fax (954) 832-0878

                                         /s/ Steven E. Goldman
                                        STEVEN E. GOLDMAN, ESQ.
                                        FLA. BAR NO. 345210